J-A02030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| THOMAS S. & LISA A. HUFFSMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| PPL ELECTRIC UTILITIES CORPORATION, TREESMITHS, INC., AND TREESMITHS UTILITY ARBORISTS, INC. | |
| v. | |
| PENNSYLVANIA DEPARTMENT OF TRANSPORTATION | |
| | No. 1096 MDA 2015 |

Appeal from the Order Entered May 21, 2015
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 1012-CIVIL-2011

BEFORE:  PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 24, 2016**

Appellants, Thomas and Lisa Huffsmith, appeal from the order granting summary judgment to Appellees, PPL Electric Utilities Corporation ("PPL"), Treesmiths, Inc., and Treesmiths Utility Arborists, Inc. (collectively "Treesmiths") on the Huffsmith's claims for intentional trespass. The Huffsmiths argue that the trial court erred in granting summary judgment as a genuine issue of material fact was created by the affidavit filed by Thomas Huffsmith. We agree, and therefore reverse and remand.

---

[*] Former Justice specially assigned to the Superior Court.

The following factual and procedural history of this case, taken from the various pleadings and their exhibits, is essentially undisputed. The Huffsmiths are owners of a property ("the Property") on Hickory Ridge Road in Lackawanna County. Their ownership is subject to a utility right of way owned by PPL, that is defined as reaching twenty-five feet into their property as measured from the centerline of Hickory Ridge Road.

In 2008, PPL approached the Huffsmiths to inform them that PPL was upgrading the power lines in the area, and that PPL would like to install a guy wire on the Property outside the right of way to stabilize the power lines. PPL also discussed the presence of certain trees within PPL's right of way. PPL informed the Huffsmiths that some of the trees would need to be cut down, while others would need to be trimmed.

Ultimately, the Huffsmiths did not allow PPL to install the guy wire. Shortly thereafter, Treesmiths, at the direction of PPL, cut down some of the disputed trees allegedly in the right of way and trimmed other disputed trees that were allegedly outside the right of way but whose branches crossed into the right of way. The Huffsmiths commenced this action by filing a complaint against PPL and Treesmiths, alleging that Treesmiths, at PPL's direction,

intentionally trespassed outside the right of way in performing the tree removal and trimming.[1]

PPL and Treesmiths filed answers and cross-claims, and Treesmiths were granted permission to join and file a cross-claim against the Pennsylvania Department of Transportation ("PennDOT"). All defendants subsequently filed motions for summary judgment, highlighting several exhibits. First, Treesmiths filed several photographs of their employees measuring from the centerline of Hickory Ridge Road and allegedly demonstrating that the disputed trees were within 25 feet of the centerline. Second, PennDOT filed the report of a surveyor which opined that the location of Hickory Ridge Road had remained the same since 1938.

In response to these motions, Thomas Huffsmith filed an affidavit, which contained several key allegations. First, that pursuant to PennDOT's maintenance and upgrade efforts, the centerline of Hickory Ridge Road had shifted approximately six to nine inches closer to his property. In support of this allegation, Huffsmith attached photographs purporting to demonstrate that the double yellow lines separating lanes of traffic on Hickory Ridge Road had been repainted several inches away from their previous position, as well as photographs demonstrating that signage along the roadway had been shifted approximately 15 inches from their original locations. Second,

_____

[1] The Huffsmiths also originally asserted claims for nuisance, but later withdrew those claims.

Huffsmith asserted that the photographs filed by Treesmiths were taken using deceptive camera angles that misrepresented the actual distances from the centerline to the disputed trees.

The trial court heard oral argument on the motions. After reviewing the motions and arguments of counsel, the trial court granted summary judgment to all defendants and dismissed the Huffsmith's complaint. This timely appeal followed.

On appeal, the Huffsmiths argue that the trial court erred in granting summary judgment. We review a challenge to the entry of summary judgment as follows.

> [We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013) (citation omitted).

The cause of action asserted by the Huffsmiths is trespass. Trespass is the intentional act of entering onto the land of another without privilege to do so. *See **Kopka v. Bell Telephone Co. of Pennsylvania***, 91 A.2d 232, 235 (Pa. 1952). Even if the actor honestly believes that he is privileged to be on the land, he can still be liable for trespass so long as his entry onto the land was intentional. *See **id***.

Here, it is undisputed that PPL and its contractor, Treesmiths, are privileged to enter onto the Property pursuant to a right of way. The Huffsmiths asserted in their complaint that Treesmiths, at the direction of PPL, cut down and trimmed trees outside PPL's 25 foot right of way. Appellees argued in their motions for summary judgment, and the trial court held, that the Huffsmiths had failed to present any evidence capable of establishing that Treesmiths cut or trimmed any trees outside of PPL's right of way. However, these arguments fail to account for the allegations contained in Thomas Huffsmith's affidavit.

In his affidavit, Huffsmith alleged that the centerline of Hickory Ridge Road had shifted approximately six to nine inches since the grant of the right of way. ***See*** Affidavit of Thomas S. Huffsmith, 4/17/15, at ¶ 7. As a result, Huffsmith alleged that Treesmith's measurements, taken from the modern centerline, improperly extended six to nine inches into the Property beyond the right of way. ***See id***., at ¶ 13. These allegations form a genuine dispute of material fact over the location of the right of way.

Appellees argue, and the trial court held, that Huffsmith's allegations and photographs are insufficient to establish the location of the right of way in the face of the surveyor's report filed by PennDOT. However, this is a question of the weight of the evidence submitted by the Huffsmiths, and therefore constitutes a factual dispute that must be resolved by a fact-finder. Viewing the allegations and photographs in the light most favorable to the Huffsmiths, as we must, we conclude that this evidence is capable of establishing that Treesmiths were not privileged to cut and trim the disputed trees.

Furthermore, Huffsmith alleged that Treesmiths had intentionally mismeasured the distance from the modern centerline, and took deceptive pictures to hide this fact. *See id*., at ¶ 14. While this evidence constitutes the thinnest reed imaginable upon which to build this case, it does create a genuine issue of material fact. Even if the Huffsmiths had failed to create an issue of fact regarding the location of the right of way, they still have presented sufficient evidence, when viewed in light most favorable to the Huffsmiths, to establish in the alternative that Treesmiths intentionally trespassed upon the Property outside the right of way.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

J-A02030-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/24/2016